UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9-23-19

-----------------------------------------------------------x

BARBARA LOVELL,

        Plaintiff,

                       1:17-cv-6874 (ALC)

-against-

                       **OPINION & ORDER**

CHERYLYN STATEN, PHYLLIS ECHOL,
AFASAT OMTOSHO, HRA OFFICE OF
LEGAL AFFAIRS, DENISE WILLIAMS,
MADELINE WHITTINGTON,

        Defendants.
-----------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

## SYLLABUS

Barbara Lovell brought a United States Equal Employment Opportunity Commission ("EEOC") Charge against her employers for: 1) discriminating against her based on her disability, national origin, and color; and, 2) retaliating against her for participating in protected activity.[1] *See* ECF No. 32, Ex. A. Specifically, Ms. Lovell noted that she is the only employee with her disability, her employer is aware of her disability, she is the only employee "of U.S. descent" other than her colleague who is her supervisor's "personal friend", and, as compared to the other employees, is the "lightest-skinned." *See* ECF No. 24, Ex. A. Ms. Lovell also asserted

---

[1] These facts derive from Plaintiff's Amended Complaint ("Comp.") and are presumed true. ECF No. 8.

COPIES MAILED

1

that her employer suspended her for requesting that they accommodate her disability. After reviewing her application, the EEOC informed Ms. Lovell that it could not conclude that her employer violated any statutes. Compl. ¶ 21.

Plaintiff Ms. Lovell now brings this action, *pro se*, against her employers—Cherylyn Staten, Phyllis Echol, Afasat Omtosho, Denise Williams, Madeline Whittington, and the New York Human Resource Administration Office Of Legal Affairs (collectively, "Defendants")—under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), New York State Human Rights Law, N.Y. Exec. L. §§ 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. ("NYCHRL") alleging employment discrimination and retaliation. Defendants now move to dismiss all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the following reasons, Defendants' Motion to Dismiss is **GRANTED**.

## BACKGROUND

### I. Factual Background

Plaintiff Barbara Lovell is a caseworker employed by the New York City Human Resources Administration ("HRA")'s Office of Child Support Enforcement ("OCSE") and has worked there since February 2001. Comp. ¶ 5; *see also* ECF No. 25, 4. Ms. Lovell currently works in a customer service role. Ms. Lovell is fifty-eight years old, identifies as an African American woman, and suffers from diabetes. Comp. ¶ 6.

#### A. Work Incidents

Plaintiff alleges that her employers "directly and indirectly" discriminated against her on multiple occasions based on her race, color, and national origin between 2008 to 2016. Comp. ¶ 4. Plaintiff identifies four incidents that form the basis of her discrimination claims.

In May 2008, Defendants' filed disciplinary charges against Ms. Lovell for insubordination because she complained that her diabetes prevented her from being able to sit under an air vent. *Id*. Ms. Lovell further alleges that Defendant Cherylyn Staten "sabotaged" the case by "letting the time lapse," causing her to lose ten days pay. Comp. ¶ 6.

On or about February 1, 2013, Defendant Phyllis Echols—the Arrears Cap Program Coordinator and Supervisor—assigned Ms. Lovell an Arrears Cap worksheet and claimed she was "insubordinate." Comp. ¶ 6.[2] The Complaint alleges Echols did this out of retaliation because Ms. Lovell "reported [her] to the Inspector General's Office." *Id*. Thereafter, Defendant Staten filed disciplinary charges against Ms. Lovell, and Plaintiff claims Defendants Afusat Omotosho and Echols falsified the supporting memoranda by alleging she was insubordinate. *See Id*. Ms. Lovell further alleges that Defendants Denise Williams and Madeleine Whittington, the Executive Director and Deputy Director of OCSE respectively, "did not tell the truth." *Id*. These disciplinary charges led to Plaintiff's sixty-day suspension.

On or about November 27, 2013, Defendants filed disciplinary charges against Ms. Lovell after she did not come to work due to her elevated sugar level. Ms. Lovell also alleges that Defendant Lloyd Permaul, a legal representative for her union Local 37, sabotaged unidentified documents and caused her to lose three days of pay. *Id*.

---

[2] The Arrears Cap program is offered by the City of New York to help reduce participants' child support debt.

On or about February 18, 2016, Defendant Staten filed disciplinary charges against Ms. Lovell for bringing a firearm to the workplace. Despite a recommendation to terminate her, the charges were dismissed. *Id.* at ¶ 6.

## II. Procedural Background

Plaintiff commenced this action on September 7, 2017. ECF No. 2. On March 29, 2018, Plaintiff filed her Amended Complaint. ECF No. 8. On November 28, 2018, Defendants moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 31. On December 14, 2018, Plaintiff filed her Opposition with assistance from the New York Legal Assistance Group's Clinic for pro se litigants (ECF No. 34), and Defendants replied on January 22, 2019. ECF No. 37. The Court considers the motion fully briefed.

## STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When challenged, a plaintiff must prove subject matter jurisdiction exists by a preponderance of the evidence. *Id.* A court considering a motion to dismiss for lack of subject matter jurisdiction construes all ambiguities and draws all reasonable inferences in the plaintiff's favor. *Id.*

### B. Fed. R. Civ. P. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns. Inc. v. Shaar Fund Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see also* Fed. R. Civ. P. 8(a)(2). To meet this standard, plaintiff must allege "enough facts

4

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The court accepts as true all factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S, at 678. Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.* at 570.[3]

### C. *Pro Se* Plaintiffs

Considering these standards, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In particular, "the pleadings of a pro se plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). In construing a pro se plaintiff's opposition brief, the Court may read additional facts asserted in the opposition brief as supplementing the Complaint. *See Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir.

---

[3] The standard of review for 12(b)(1) motions is "substantively identical" to Rule 12(b)(6) motions. The key difference is that the movant bears the burden of proof on a 12(b)(6) motion but the plaintiff invoking the court's jurisdiction bears the burden on a 12(b)(1) motion. *See Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003).

2014) (overturning the district court's grant of dismissal where the complaint and opposition papers to a motion to dismiss when combined stated a claim upon which relief could be granted).

## DISCUSSION

### I. Plaintiff's Sex and Age Discrimination Claims

Pursuant to rule 12(b)(1), Defendants' argue that the Court lacks subject matter jurisdiction over Plaintiff's Title VII sex discrimination claim and ADEA age discrimination claim because she failed to assert them in her EEOC Charge. *See* Def.'s Mem. 2. Plaintiff argues these claims should survive because they are "reasonably related" to the "color" and "national origin" claims she specifically asserted. The Court disagrees.

The ADEA allows a claimant to bring suit in federal court only if she filed a timely complaint with the EEOC and obtained a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e) and (f); 29 U.S.C. § 626(d); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). *See also Shah v. N.Y. State Dep't of Civil Service*, 168 F.3d 610, 613-14 (2d Cir. 1999); *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208 (2d Cir. 1993). Similarly, claimants who seek relief under Title VII must "file a charge with the [EEOC] within 300 days after the alleged [discriminatory] employment practice occurred." *Rivas v. New York State Lottery*, 745 F. App'x 192, 192-93 (2d Cir. 2018) (internal citations omitted); *Taylor v. City of N.Y. (Dep't of Sanitation)*, No. 17 CV 1424-LTS-SDA, 2019 U.S. Dist. LEXIS 140874, at *5 (S.D.N.Y. Aug. 20, 2019).[4]

---

[4] The Second Circuit has also held that failure to present a Title VII claim to the EEOC before filing suit in federal court "is not a jurisdictional prerequisite, but only a precondition to bringing a Title VII action that can be waived by the parties or the court." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000).

6

Nevertheless, claims not asserted in an EEOC charge may be pursued in a federal action if they are "reasonably related" to those that were. *Butts v. City of NY. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993), superseded on other grounds by statute; *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 158 (2d Cir.2008) (per curiam); *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006); *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). Claims are "reasonably related" if they "fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Manello v. Nationwide Mut. Ins. Co.*, No. 11-CV-0243 SJF, 2012 WL 3861236, at *8-9 (E.D.N.Y. Sept. 4, 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir.2003)).

Here, Plaintiff's claims of color and national origin discrimination are not reasonably related to sex and age discrimination. In *Zarda v. Altitude Express, Inc.*, the plaintiff sued the employer defendant for discriminating against him based on his sexual orientation. 883 F.3d 100, 110–11 (2d Cir. 2018), cert. granted sub nom. *Altitude Exp., Inc. v. Zarda*, No. 17-1623, 2019 WL 1756678 (U.S. Apr. 22, 2019). The District Court dismissed the case and plaintiff appealed to the Second Circuit. *Id.* On appeal, the defendants challenged the Second Circuit's jurisdiction because the plaintiff only alleged gender discrimination and not sexual orientation discrimination in his EEOC charge or federal complaint. However, the defendant's challenge was unsuccessful. *Id.*

The Second Circuit ruled that the plaintiff's gender discrimination and sexual orientation discrimination charges under Title VII were clearly related. *Id.* at 111. The plaintiff's EEOC complaint explained that he was "making this charge because, in addition to being discriminated against because of [his] sexual orientation, [he] was also discriminated against because of [his] gender." *Id.* The plaintiff also specified that his supervisor "was hostile to any expression of [his]

7

sexual orientation that did not conform to sex stereotypes," and alleged that he "was fired ... because ... [he] honestly referred to [his] sexual orientation and did not conform to the straight male macho stereotype." *Id.* The plaintiff repeated this claim in his federal complaint and contended that he was "an openly gay man" who was "discharge[ed] because of a homophobic customer" and "because his behavior did not conform to sex stereotypes," in violation of Title VII. *Id.*

Here, Plaintiff's sex and age discrimination claims are not reasonably related to those in her EEOC charge. If there is relationship between these claims, it is not clear. Ms. Lovell's EEOC charge specifically states:

> "I believe I was discriminated against on the basis of my disability, national origin, color, and in retaliation for participating in protected activity when Respondent wrongfully disciplined and suspended me. Specifically, I am the only caseworker of U.S. descent . . . the only case worker with a disability, as well as the lightest skinned . . . based on the above, I believe I was discriminated against in violation of [Title VII], [ADA], and other applicable federal, state, and local antidiscrimination statutes."

*See* EEOC Charge, ECF No. 24, 4. Even read liberally, Plaintiff's EEOC charge does not suggest an allegation of age or sex discrimination. In her Amended Complaint, Plaintiff indicates that she identifies as a woman and is in the age group protected by the ADEA. Compl. ¶ 4. The Amended Complaint offers no additional facts to suggest Defendants' alleged discrimination was fueled by Plaintiff's sex or age. Indeed, the Court acknowledges the concept of intersectionality and how different aspects of social and political discrimination may overlap with gender, sex and age.[5] However, Ms. Lovell failed to even mention her age or sex when explaining her reasons for bringing the charge. Thus, the Court cannot infer these identities are "reasonably related" to the

---

[5] *See Zarda*, 883 F.3d at 138 (citing Kimberlé Crenshaw, *Mapping the Margins: Intersectionality, Identity Politics, and Violence Against Women of Color*, 43 Stanford L. Rev. 1241, 1242–43 (1991)).

8

discrimination claims specifically alleged in her EEOC charge. Accordingly, Defendants' Rule 12(b)(1) motion to dismiss Plaintiff's sex and age discrimination claims is **granted**.

## II. Plaintiff's Time Barred Claims

For Plaintiff's remaining Title VII and ADA claims to be timely, the alleged discrimination must have occurred no more than 300 days prior to the filing of the administrative charge. *See Almontaser v. N.Y.C. Dep't of Educ.*, 2014 U.S. Dist. LEXIS 92760, at *13 (E.D.N.Y. July 8, 2014) (citations omitted) (Title VII); *Tewksbubry v. Ottaway Newspapers, Inc.* 192 F.3d 322, 328-29 (2d Cir. 1999) (ADA); *see also* 42 U.S.C. § 2000e-5(e)(1). A claim begins to accrue when the Plaintiff knew or had reason to know of a discrete act of discrimination. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-10 (2002); *Cetina v. Longworth*, 583 F. App'x. 1, 2 (2d Cir. 2014).

Plaintiff filed her inquiry with the EEOC on August 19, 2016. Pl.'s Opp. 2. Thus, the correct statute of limitations date based on this charge is October 24, 2015. Plaintiff's sixty-day suspension between December 1, 2015 to February 1, 2016 and the February 18, 2016 incident are the only timely events alleged in the Amended Complaint. Therefore, Plaintiff's claims based on events in 2008 and 2013 are time barred.

## III. Plaintiff's Remaining Title VII Claims Fail to Adequately Plead Discrimination

Plaintiff's timely Title VII discrimination claims are based on her sixty-day suspension and her disciplinary charges for allegedly bringing a gun to her workplace. To survive a motion to dismiss, a complaint of discrimination "must be plausibly supported by facts alleged ... that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by

9

discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). The Court must now determine if Plaintiff's remaining claims meet Rule 8's pleading requirements.

### A. Plaintiff's Race Based Discrimination Claims

To sufficiently state a race-based discrimination claim, a plaintiff must allege facts that suggest an inference of a discriminatory motive. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (citing *Littlejohn*, 795 F.3d 297. To do so, a plaintiff must allege two elements: (1) that the employer discriminated against her (2) "because of [her] race, color, religion, sex, or national origin." *Vega*, 801 F.3d at 85. A plaintiff may satisfy the first element by showing an "adverse employment action." *Id.*; *see also Galabya v. N.Y.C. Bd. Of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) ("A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment ... [including] termination of employment.")

Here, Plaintiff satisfies the first element. She alleged that she suffered an adverse employment action, not just in the form of the unpaid sixty-day suspension, but also her severe stress which manifested itself in the form of measurable harms to her health. Pl.'s Opp. 5.

However, Plaintiff's claim only survives half the battle. To satisfy the second element Plaintiff must demonstrate that her "race, color, religion, sex or national origin ... was a substantial or motivating factor contributing to the employer's decision to take the action." *Vega*, 801 F.3d at 85 (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 249 (1989)) (internal quotations omitted). Regarding a plaintiff's burden, courts must "be mindful of the elusive nature of intentional discrimination" because "clever men may easily conceal their motivations." *Id.* at 86 (citing *Robinson v. 12 Lofts Realty, Inc.*, 610 F.2d 1032 (2d Cir. 1979)). A plaintiff may rely

on "bits and pieces" of evidence to create a "mosaic" of intentional discrimination. *Id.* (quoting *Gallagher v. Delaney*, 139 F.3d 338, 342 (2d Cir. 1998)).

Here, Plaintiff did not present any additional facts to support any contention that her national origin or color led to discrimination. For example, Plaintiff claims that in February 2016 Defendant Staten filed disciplinary charges against her alleging "that [Plaintiff] brought a firearm to the workplace . . .[and] [a]fter further review the charges [were] dismissed." Compl. ¶ 6. Plaintiff failed to provide any factual allegations to indicate that these charges, even if fabricated, were fueled by her color or national origin. In fact, Plaintiff's factual allegations suggest that the February 2016 disciplinary charges were based on Plaintiff's statements that she carried a weapon, "will protect [herself]", and told Defendant Staten "I am not going to tell you anything about my weapon…I am going to protect myself." *See* ECF No. 25 at 13. Even if the Court liberally views every factual allegation at its disposal, nothing suggests Plaintiff suffered any adverse employment action due to her race or national origin. Thus, based on the facts in her Amended Complaint, supporting documents, and opposition brief, the Court cannot reasonably infer Defendants' disciplinary charges were motivated by Ms. Lovell's "light skin" status or national origin. Therefore, Plaintiff's race-based discrimination claims are dismissed.

### B. Plaintiff's Retaliation Claim

Title VII provides that, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of [its] employees … because [it] opposed any practice made an unlawful employment practice by this subchapter[.]" 42 U.S.C. § 2000e-3(a). To state a prima facie case of retaliation under Title VII, a plaintiff must "demonstrate that '(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity

11

and that adverse action.'" *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (citation omitted); *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006); *Ragusa v. Malverne Union Free School District*, 381 Fed Appx 85, 90 (2d Cir. 2010)(citing *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001) which noted that same analytical framework governs Title VII and ADA retaliation claims).

For a retaliation claim, an adverse employment action is one that is "materially adverse to a reasonable employee or job applicant," and must be "'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (quoting *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006)). Under federal law, protected activity "refers to action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000).

Here, Plaintiff used the word "retaliating" throughout her Amended Complaint. For example, Plaintiff contends that "On or about February 18, 2016 disciplinary charges were filed against [her] by the Director Ms. Cherylyn Staten retaliating and alleged that I brought a firearm to the workplace." Compl. ¶ 4. However, the Amended Complaint lacks facts to support this assertion. Thus, the Court finds that the instances where Plaintiff claims are the result of retaliation are too conclusory to state a plausible claim.

Furthermore, the allegations in the Amended Complaint do not suggest that Plaintiff suffered any adverse action on account of a protected activity. Plaintiff acknowledges that the disciplinary charges filed against her arising out of the February 2016 incident were dismissed. The charges were withdrawn, and the case was administratively closed as of April 27, 2016.

Compl. ¶ 4; ECF No. 25 at 19. Withdrawn charges do not constitute an adverse employment action. *Thomas v. New York City Health & Hosps. Corp.*, 2004 U.S. Dist. LEXIS 17694 *56-*57 (S.D.N.Y. 2004) (finding that charges filed but later withdrawn do not constitute an adverse employment action). As for the 60-day suspension on December 1, 2015, Plaintiff fails to allege Defendants suspended her out of retaliation for engaging in protected activity. Therefore, Plaintiff inadequately pleaded her retaliation claim. Accordingly, Defendants' motion to dismiss Plaintiff's Title VII claim is granted.

## IV.  Disability Based Disability Discrimination Claims

### A. The Rehabilitation Act of 1973

As previously discussed, Plaintiff's ADA claims are time barred. However, Plaintiff contends that the Court should analyze her disability-based discrimination claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.S. § 794 et seq. The Court agrees.

While "[f]ederal pleading rules call for a short and plain statement of the claim showing that the pleader is entitled to relief; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014) (internal quotation and citation omitted) (holding that it was improper for a district court to dismiss a complaint simply because the complaint referred to the Fourteenth Amendment instead of 42 U.S.C. § 1983). Considering the accommodations courts must afford *pro se* plaintiffs, Ms. Lovell only needed to simply, concisely, and directly state facts that entitle her to damages from the defendant. *See Id.* Ms. Lovell did not specifically refer to the Rehabilitation Act in her original complaint. However, the Second Circuit does not require her to. *Id.*

13

The Rehabilitation Act prohibits discrimination against individuals based on a disability, in the full and equal enjoyment of the services of any place of public accommodation. *See Powell v. National Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir.2004) (citations and quotation marks omitted); *Roberts v. Royal Atl. Corp.* 542 F. 3d 363, 368 (2nd Cir. 2008) (quoting 42 U.S.C. § 12182(a)). As explained in more detail below, the Rehabilitation Act prohibits, *inter alia*, employers who receive federal funding from discriminating against persons with disabilities. Here, Plaintiff alleged that her employer was a governmental entity that received federal funding and that she was discriminated against due to her diabetes. Therefore, the Court concludes that Plaintiff's Amended Complaint contains enough factual allegations to be analyzed under the Rehabilitation Act.

Furthermore, the statutory period for Plaintiff's claims associated with the Rehabilitation Act extend to August 19, 2013. Section 504 of the Rehabilitation Act has a three-year statute of limitations. *See* e.g., *Stropkay v. Garden City Union Free Sch. Dist.*, 593 F. App'x 37, 41 (2d Cir. 2014) (noting the Rehabilitation Act's three-year statute of limitations). Therefore, Plaintiff's disability claim based on the event in November 2013 is not time barred.

### B. Plaintiff's Disability Based Discrimination Claims Fail as Matter of Law

Courts "examine claims of disability discrimination pursuant to [the Rehabilitation Act] under [a] burden shifting analysis." *Shepheard v. New York City Corr. Dep't*, 360 F. App'x 249,250 (2d Cir. 2010). To make out a prima facie claim under Section 504 of the Rehabilitation Act, a plaintiff must show: (1) That she has a covered disability; (2) that she was otherwise qualified for the benefit that has been denied; (3) that she has been denied the benefits solely by reason of her disability or otherwise discriminated against by the defendants; and (4) that the benefit is part of a program or activity receiving Federal financial assistance. *A.M. v. N.Y.C.*

14

*Dep't of Educ.*, 840 F. Supp. 2d 660, 664 (E.D.N.Y. 2012); *see also* 42 U.S.C.S. § 12112(b)(5)(A). Discrimination based on a disability includes not making reasonable accommodations for a person otherwise qualified with a disability. *Id.* The standards for the ADA "are generally the same as those required under section 504 of [the Rehabilitation Act for] federally assisted programs and activities." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir.2003).

Plaintiff adequately alleged that diabetes is a covered disability under Section 504 and that Defendants should have made a reasonable accommodation for her disability. In fact, Plaintiff alleges that Defendants filed disciplinary charges against her after she stated her elevated sugar level prevented her from coming to work.[6] Compl. ¶ 4. However, Plaintiff failed to adequately allege, in her complaint or moving papers, that Defendants denied her the benefits of a program or activity receiving Federal financial assistance. Under Section 504, "the ultimate question is the extent to which a grantee is required to make reasonable modification in its programs for the needs of the handicapped." *Alexander v. Choate*, 469 U.S. 287, 300 n. 19, 105 S. Ct. 712, 83 L. Ed. 2d 661 (1985). However, "a government entity is not required to provide every requested accommodation. The principal object of Section 504 is for qualified individuals to be 'provided with meaningful access to the benefit that the grantee offers.'" *Id.* at 301. Plaintiff asserts that the Court should consider her disability claims under the Rehabilitation Act, but the statute is reserved for plaintiffs entitled to a defendant's governmentally funded program. Plaintiff fails to allege such a program exists and, thus, fails to meet the requirements of the Rehabilitation Act. Therefore, Plaintiff's disability-based discrimination claims are dismissed.

---

[6] Plaintiff uses the word "retaliation" to describe Defendants conduct. However, further analyzing the Amended Complaint suggests Defendants allegedly failed to accommodate her disability.

15

## V. Plaintiff's Remaining State Law Claims

Under 28 U.S.C. § 1367(c)(3), the Court may exercise supplemental jurisdiction over Plaintiffs' remaining state law claims after dismissing "all claims over which it has original jurisdiction." However, the Second Circuit encourages courts to avoid exercising supplemental jurisdiction here: "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (quoting *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991)).

Having dismissed all of Plaintiff's federal law claims, and there being no other basis for federal jurisdiction over this case, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Boustany v. Xylem Inc.*, 235 F. Supp. 3d 486, 496–97 (S.D.N.Y. 2017)). Accordingly, those claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in its entirety.

**SO ORDERED.**

Dated: September 23, 2019

New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**

16